IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROBERT CHRISTOPHER AMOS,

    Plaintiff,

vs.

AMERICAN PACIFIC MORTGAGE
CORPORATION, a California Corporation,
JOSHUA DARRIMON, and PIERCE BURTON,
individuals, jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ROBERT CHRISTOPHER AMOS, sues Defendants, AMERICAN PACIFIC MORTGAGE CORPORATION (hereinafter, "American Pacific"), JOSHUA DARRIMON (hereinafter, "Darrimon") and PIERCE BURTON (hereinafter, "Burton"), and shows:

### Introduction

1.    This is an action by Robert Christopher Amos against his former employers for an unpaid minimum wages, unpaid overtime, unpaid commissions and other unpaid wages pursuant to the Fair Labor Standards Act, Florida Statutes Chapter 448 and Florida common law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, as well as the Florida Minimum Wage Act ("FMWA"), Florida Statutes § 448.110, and Florida common law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

## Parties and General Allegations

4. Plaintiff, Robert Christopher Amos, (hereinafter "Amos") a resident of Miami-Dade County, was at all times material, employed by American Pacific as a loan officer, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with American Pacific, was engaged in interstate commerce or in the production of goods for commerce.

5. Defendant, American Pacific is a California Corporation doing business in Miami-Dade, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1) and Fla. Stat. § 448.101, which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207, the Florida Minimum Wage Act, Fla. Stat. § 448.110 (FMWA), and Florida common law, in the Miami-Dade offices where Amos was employed.

6. Defendant Darrimon, who resides in California, was, or now is, an owner and/or operator of Defendant American Pacific.

7. Defendant Darrimon acted and acts directly in the interests of Defendant American Pacific, in relation to its employees. Specifically, Darrimon hired Amos, determined his job duties and pay (or lack thereof) and thus controlled the terms and conditions of Plaintiff's employment. Thus, Darrimon was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d) and the FMWA.

8. Defendant Burton who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant American Pacific.

9. Defendant Burton acted and acts directly in the interests of Defendant American Pacific in relation to its employees. Specifically, Burton supervised Amos,

determined his work hours and job duties, and in conjunction with Darrimon, set Amos' pay (or lack thereof), and thus controlled the terms and conditions of Plaintiff's employment. Thus, Burton was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d) and the FMWA.

10. On or about July 12, 2021, Plaintiff began his employment with Defendant American Pacific. It was the parties' agreement that Plaintiff was to receive commissions based on the amount of the mortgages that Plaintiff originated. Specifically, Plaintiff was to receive 50 basis points (BPS) for each mortgage that he originated, which amounts to one-half of a percent of the total amount of the mortgage. Plaintiff was not guaranteed a minimum wage or paid any type of draw for the time that he worked for Defendants.

11. Plaintiff's agreed upon work schedule was Monday through Friday from 10:00AM to 6:00PM. However, Plaintiff often worked before and after his regular work schedule, as well as weekends. Thus, Plaintiff worked in excess of 40 hours per week.

12. Plaintiff originated several mortgages during his employment, but since he was not paid a minimum wage or any type of draw, Plaintiff did not have any income to support himself.

13. During Plaintiff's employment, he originated approximately 8 mortgages. Defendants told the Plaintiff that the mortgages that he originated for American Pacific would result in thousands of dollars in commission.

14. In response, since Plaintiff had yet to receive any compensation whatsoever, Plaintiff requested an advance or some type of payment from Defendants because he could no longer afford to work without receiving any compensation.

15. Plaintiff proposed that Defendants pay him $15 per hour so that he could continue to perform the job duties of a loan officer for American Pacific. Defendants offered

only $12 per hour, but also required Plaintiff to perform additional job duties outside the scope of a loan officer.

16. After about 16 weeks of dedicated efforts to originate mortgages for American Pacific, without receiving any income whatsoever, and after Defendants shot down the Plaintiff's reasonable proposal for a fair base hourly wage, Plaintiff came to the conclusion that American Pacific was taking advantage of him.

17. Rather than allowing his employer to continue taking advantage of him, Plaintiff took a job somewhere else and resigned from American Pacific on October 29, 2021.

18. Upon information and belief, several of the mortgages that Plaintiff originated were funded and closed. Despite this fact, Defendants never paid the Plaintiff any of the commissions it promised.

19. Plaintiff performed all necessary duties that would qualify him to receive his earned commissions but has not been paid the same, in breach of the parties' agreement.

### Count I – Violation of FLSA by All Defendants – Overtime

20. Plaintiff, Robert Christopher Amos, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 17 above.

21. Since on or about July 12, 2021 up to and including October 29, 2021, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically Amos, since July 12, 2021, has worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

22. The failure to pay overtime compensation to Amos is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if Amos was exempt, Defendants' actions and/or conduct have effectively removed any exemption that may have applied to him.

23. Defendants' actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and Amos' status as non-exempt, but chose not to pay him in accordance with the Act.

24. Amos is entitled pursuant to 29 U.S.C. § 216(b), to recover from all Defendants:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, Robert Christopher Amos, prays that this Court will grant judgment against all Defendants:

   a. awarding Amos payment of overtime compensation found by the Court to be due to him under the Act, including pre-judgment interest;

   b. awarding Amos an additional equal amount as liquidated damages;

   c. awarding Amos his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

**Count II – Failure to Pay Minimum Wages (both FLSA and Florida Minimum Wage Act by All Defendants**

25. Plaintiff, Robert Christopher Amos, realleges, as if fully set forth in Count II, the allegations in Paragraphs 1 through 17 above.

26. Amos worked for Defendants for approximately sixteen (16) workweeks where he received no compensation whatsoever.

27. Defendants' failure to pay Amos violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage for sixteen (16) workweeks.

28. Amos is entitled pursuant to the FLSA and the Florida Minimum Wage Act, and Section 18(a) of the Act, to recover from Defendants.

    a. the applicable minimum wage in effect at the times he worked without receiving compensation;

    b. as liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c. the costs of this action; and,

    d. a reasonable attorney's fee.

WHEREFORE, Plaintiff, Robert Christopher Amos, prays that this Court:

    a. enter judgment for Amos and against all Defendants on the basis of their willful violations of the FLSA and the Florida Minimum Wage Act;

    b. award Amos actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

    c. award Amos an equal amount in liquidated damages;

    d. award Amos reasonable attorney's fees and costs of suit; and

    e. other such relief as this Court deems just.

**Count III – Breach of Contract against Defendant American Pacific (Unpaid Commissions)**

29. Plaintiff, Robert Christopher Amos, realleges the allegations in paragraphs 1 through 19, as if fully set forth in Count III of Plaintiff's Complaint.

30.     Defendant American Pacific's failure to pay Plaintiff the agreed upon commissions amounts to a breach of contract.

31.     As a result of Defendant's breach, Plaintiff has incurred general damages and is entitled to recover the unpaid commissions, as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

WHEREFORE, Plaintiff requests judgment against Defendant American Pacific for his unpaid commissions and other damages, together with costs of suit and reasonable attorney fees, and such other and further relief as the Court may deem proper.

### Count IV – Violation of Florida Common Law by Defendant American Pacific
### Unpaid Wages

32.     Plaintiff, Robert Christopher Amos, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 19 above.

33.     Plaintiff performed all conditions precedent to his entitlement to payment of his agreed upon wages (commissions).

34.     By failing to pay Plaintiff his agreed upon wages, Defendant has violated the Florida common law, and now owes Plaintiff his agreed upon wages that he was not paid for.

35.     Plaintiff is entitled pursuant to the Florida common law, to recover from Defendant:

    a.   his agreed upon wages earned but for which he did not receive compensation;

    b.   the costs of this action; and

    c.   a reasonable attorney's fees.

WHEREFORE, Plaintiff, Robert Christopher Amos, prays that this Court:

      a.     enter judgment for Plaintiff and against American Pacific on the basis of its willful violations of the Florida common law;

      b.     award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid wages;

      c.     award Plaintiff's reasonable attorney's fees and costs of suit pursuant to Florida Statutes § 448.08; and,

      d.     other such relief as this Court deems just.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: May 12, 2022
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell, Esq.*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Robert Christopher Amos*